# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:11-cv-00051-MR-DLH

| | |
|---|---|
| ERNEST HIGDON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 20].

## I. PROCEDURAL BACKGROUND

On November 23, 2011, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. On August 2, 2012, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and remanded the case to the Appeals Council for further administrative action. [Doc. 16]. On August 27, 2012, the Court awarded the Plaintiff attorney's fees in the amount of $2,924.00 in full satisfaction of any and all claims by the Plaintiff pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). [Doc. 19]. The entire amount of EAJA fees awarded, however, was seized by the U.S. Treasury Department pursuant to a lien for Plaintiff's outstanding student loan debt. [Doc. 20-4].

On remand, a new hearing on Plaintiff's claim was held before Administrative Law Judge John S. Lamb (ALJ Lamb). On December 2, 2013, ALJ Riley issued a decision granting the Plaintiff benefits from his amended alleged onset date of disability. [Doc. 20-2].

On March 17, 2014, ALJ Riley approved a fee award in the amount of $6,000.00 for work performed at the administrative level. [See Doc. 20 at 1]. On June 19, 2014, the Social Security Administration issued a Notice of Award explaining that $11,624.00, representing 25% of the Plaintiff's back benefits, was being held from Plaintiff's award to be applied to the payment of attorney's fees in this case. The Plaintiff and his attorney had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25 percent of the past due benefits. [Doc. 20-1].

Plaintiff's counsel now seeks an award of $5,624.00 in fees pursuant to 42 U.S.C. § 406(b)(1). [Doc. 20]. The Defendant has not responded to the Plaintiff's Motion.

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), which provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action...." 28 U.S.C. § 2412(d)(1)(A). Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the

claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134-35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)). Where counsel did not receive the prior awarded EAJA fees, however, "there is no requirement for counsel to refund to the claimant the amount of the smaller fee." Gage v. Colvin, No. 5:12-CV-711-FL, 2014 WL 773523, at *2 (E.D.N.C. Feb. 25, 2014)

Here, the Plaintiff and his counsel entered into a contingency fee agreement by which the Plaintiff agreed to pay 25% of any past due benefits awarded to his counsel. As the Fourth Circuit has recognized, "§ 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, ... § 406(b) simply instructs a court to review the agreement for reasonableness." Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (internal quotation and citation omitted).

4

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and his counsel is reasonable. Accordingly, the Motion for Attorney's Fees under the Social Security Act is granted.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 20] is hereby **GRANTED** and an award of attorney's fees in the amount of Five Thousand Six Hundred and Twenty-Four Dollars ($5,624.00) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose pursuant to Title II of the Social Security Act.

**IT IS SO ORDERED.**

Signed: August 4, 2014

Martin Reidinger
United States District Judge